# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1173
_____

American Family Mutual Insurance Company

*Plaintiff - Appellee*

v.

John Martin Donaldson

*Defendant - Appellant*

Todd Richard Patton; Jacob Todd Patton

*Defendant*s
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: October 7, 2014
Filed: October 14, 2014
[Unpublished]
_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.
_____

PER CURIAM.

This is an insurance coverage dispute arising out of an alcohol-related incident
involving a motor vehicle. After heavy drinking, eighteen-year-old Jacob Patton

operated a motor vehicle while his friend, John Donaldson, was a passenger in the vehicle. Someone observed Patton's erratic driving and called the police. When the police located Patton's vehicle, a chase ensued which led to a crash in which Donaldson suffered serious injuries. Patton faced criminal charges as a result of the incident.

Donaldson sought insurance coverage for his injuries under an umbrella policy insuring Patton issued by American Family Mutual Insurance Company (American Family). The umbrella policy contains two relevant exclusions. The first exclusion provides the policy does not cover intentional injuries, defined as "injury caused by or at the direction of any insured even if the actual injury is different than that which was expected or intended from the standpoint of any insured." The second exclusion provides the policy does not "cover injury arising out of violation of a penal law or ordinance by or with the knowledge or consent of an insured when an insured is convicted of such violation."

In this appeal, Donaldson seeks reversal of the district court's grant of summary judgment in favor of American Family on the grounds the intentional injury exclusion precludes coverage. After the appeal was taken, American Family filed a motion to supplement the record, asking us to take judicial notice of the fact that Jacob Patton had been convicted of a felony offense arising out of the alcohol-related motor vehicle incident following the district court's grant of summary judgment.

Rather than urging us to consider Patton's violation of law as an alternative ground for affirming the district court, however, American Family represents "there are subsequent events surrounding the conviction that would need to be addressed in the first instance by the district court." Appellee's Br. at 51.

Under these circumstances, we decline to exercise jurisdiction at this time. Instead, we remand this case to the district court to address in the first instance any

remaining unresolved issues surrounding Patton's criminal conviction that may prevent us from considering the violation-of-law exclusion as an alternative ground for affirming the district court.

So ordered.

_____